IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01904-PAB

BELGARDE PROPERTY MANAGEMENT,

    Plaintiff,

v.

RAHKEEM JONES, and
All Other Occupants,

    Defendants.

## ORDER OF REMAND

This matter is before the Court *sua sponte* on the Notice of Removal (the "Notice") [Docket No. 2] filed by defendant Rahkeem Jones.

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

Here, defendant contends that the Court can exercise federal question jurisdiction over this matter.[1] Pursuant to section 1331 of Title 28 of the United States Code, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In order to establish a basis for removal pursuant to § 1331, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant does not cite, and the Court has not identified, any federal question within plaintiff's complaint. *See generally* Docket No. 3 at 1 (initiating a state law unlawful detainer action against defendant).

Rather, defendant attempts to remove this case based upon his assertion of a federal counterclaim. *See* Docket No. 2 at 2, ¶ 6; *see also* 2-1 at 7 (asserting counterclaim for alleged violation of the Fair Housing Act and the Fourteenth Amendment). Except for narrow circumstances,[2] "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005); *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[F]ederal jurisdiction [cannot] rest

---

[1] The Court construes the Notice liberally because defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] A claim that is stated in terms of state law "may be removed to federal court . . . when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal citation omitted). Neither of these exceptions appears to be implicated in this case.

upon an actual or anticipated counterclaim.").

For the foregoing reasons, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the County Court for Arapahoe County, Colorado, where it was originally filed as Case No. 12C315063.

DATED July 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge